IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NBN BROADCASTING, INC.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12cv346 |
| | ) | **Electronic Filing** |
| **SHERIDAN BROADCASTING** | ) | |
| **NETWORKS, INC.**, **RONALD** | ) | |
| **DAVENPORT, SR.**, **JERRY LOPES** | ) | |
| and **RONALD DAVENPORT, JR.**, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

AND NOW, this 27th day of March, 2015, upon due consideration of defendants' renewed motion to file under seal certain documents in the parties' respective appendices to support their submissions in conjunction with plaintiff's renewed motion for summary judgment, IT IS ORDERED that [103] the motion be, and the same hereby is, denied.

As this court previously advised the parties, "a party's designation of materials as 'confidential' pursuant to a Rule 26(c) protective order does not meet the showing needed to file materials under seal in conjunction with an adjudication on the merits, see Opinion of March 31, 2014 (Doc. No. 687), issued in Mine Safety Appliances Company v. North River Insurance Company, 2:09cv348, -- F. Supp.3d --, 2014 WL 1320150 (March 31, 2014), [and any party] seeking to file documents [under seal will be required to meet the stringent] burdens and standards applicable to materials submitted in support of summary judgment as set forth in . . . Mine Safety Appliances Co." Order of March 31, 2014 (Doc. No. 94). Defendant's renewed motion fails to meet these standards for numerous reasons.

First, the right of access applies to documents and evidentiary materials submitted in support of summary judgment. And "the need for public scrutiny is at its zenith when the motion

is dispositive and is of a comparable level when the motion is denied because the ruling tends to shape the scope and substance of the litigation as the parties proceed to trial." Id. (citing Republic of Philippines v. Westinghouse Electric Corp., 949 F.2d 653, 660-61 (3d Cir. 1991), Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (the strong presumption in favor of public access applies with particular force to judicial records relating to summary judgment because those proceedings adjudicate the substantive rights of parties and often serve as a substitute for trial); and Carnegie Mellon University v. Marvel Technology Group, Ltd., 2013 WL 1336204, *10–11 (W.D. Pa. March 29, 2013) (documents filed with the court and incorporated or integrated into the court's adjudicatory proceedings are subject to the heightened standards mandated by the common law presumption of public access).

Here, the matters that defendant seeks to place under seal presumably are central to the parties dispute. The parties seek to use them in order to obtain or avoid dispositive rulings on matters that will shape the scope and substance of the litigation as the parties proceed to trial. Evidence of such import only makes the need for public disclosure more "compelling." Id. at *32 (citing Mosaid Technologies Inc. v. LSI Corp., 878 F.Supp.2d 503, 512 (D. Del. 2012) (permitting the parties to seal information about pricing, finances and patent valuation that was peripheral to the parties' dispute and could be used by competitors and other licensing agents to undercut future licensing negotiations but requiring the disclosure of the parties' interpretations of their patent license agreements because they were central to their dispute and neither the fact that such disclosure might lead to future litigation nor the detriment to the parties' negotiation strategies in entering into new licensing agreements was "the sort of competitive disadvantage" needed to "outweigh the strong presumption in favor of public access."); see also id. at *11 n. 4 (noting that the First, Second, Sixth, Ninth, Eleventh, Federal and D.C. Circuits all require a standard well-above the good cause needed for protective orders and non-dispositive motions

when a party seeks to seal records being submitted as part of a formal adjudication on the merits and collecting cases in support).

Second, "[t]he traditional form of confidential commercial information that militates against disclosure is the existence of trade secrets where disclosure would create a sufficient threat of irreparable harm." Mine Safety Appliances, 2014 WL 1320150 at *8 (citing Publicker Industries v. Cohen, 733 F.2d 1059, 1066-67 (3d Cir. 1984) (citing Stamicarbon, N.V. v. American Cyanamid Co., 506 F.2d 532, 539-42 (2d Cir. 1974)). Documents do not contain trade secrets merely because a party has deemed them to be confidential. Id. (citing Littlejohn v. Bic Corp., 851 F.2d 673, 685 (3d Cir. 1988). To the contrary, trade secrets generally have independent status under the substantive law. Id. (citing Restatement of Torts § 757 comment b (1939) (definition of a trade secret)); O.D. Anderson, Inc. v. Cricks, 815 A.2d 1063, 1070 (Pa. Super. Ct. 2003) ("The courts of this Commonwealth have generally accepted Section 757 of the Restatement of Torts as the basic outline for our trade secrets law."); 12 Pa. C. S. § 5301.

In contrast, "non-trade secret but confidential business information is not entitled to the same level of protection from disclosure as trade secret information." Id. (quoting Littlejohn, 851 F.2d at 685; Republic of Philippines v. Westinghouse Electric Corp., 949 F.2d 653, 663 (3d Cir. 1991) (business information alleged to be confidential is not entitled to the weight accorded to trade secrets). Disclosures that merely carry a potential to affect adversely sales and/or a potential loss in capital stock value fall short of warranting secrecy. Id.

Here, defendant has failed to identify a form of competitive injury that warrants placing judicial documents under seal. Defendant's repeated assertion that "[t]his highly-specific business operations information threatens to provide an inequitable strategic advantage to AURN's adversaries in the RadioOne litigation, by disclosing AURN's strengths and witnesses from a business standpoint, and enabling RadioOne to utilize competitive marketplace pressure

to achieve the aims it would otherwise achieve in the lawsuit" does not articulate a form of competitive injury from which courts will provide protection at the expense of barring public access. Courts will not provide such protection when an adversary in other litigation would be able to use the disclosure to establish liability or otherwise gain a strategic or tactical advantage in the other litigation. Mine Safety Appliances, 2014 WL 1320150 at *29. It follows *a fortiori* that recasting the threat of using such information into one of achieving the same goals through "utilize[ing] competitive marketplace pressures" does not identify interests that are deserving of protection.

Moreover, meeting the "heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure'" is not satisfied by broad allegations of harm. Id. at *8 (citing Miller v. Indiana Hospital, 16 F.3d 549, 551 (3d Cir. 1994) and In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001). "In delineating the injury to be prevented, specificity is essential." In re Cendant Corp., 260 F.3d at 194. The above-referenced assertion likewise fails to satisfy the specific and particularized injury requirement.

Similarly, the notion that disclosure of financial statements and information in itself "would enable an actual or prospective competitor to reverse-engineer AURN's operations, ultimately provides a blueprint on how to operate a radio entity in this highly competitive market, and will undermine AURN's ability to maintain its already struggling market share" asserts a generalized fear of injury that falls short of the specific, concrete injury that must be identified. It also fails to show that the identified injury is imminent and essentially irreparable. To the contrary, nothing more than a perceived and somewhat attenuated risk has been advanced. Conjecture of that nature is insufficient.

The assertion that testimony, documents or evidence is "detailed business information, access to which by (sic) competitors would harm SBC's competitive standing, and equip SBC's competitors to fashion a business model that competes directly against SBC in an already narrow market share [and] additionally contains business review of SBC pending legal matters, which would give others in the market unjust insight into SBC's business evaluation of litigation matters" fails to meet the heavy and stringent burdens to gain the use of seal for an adjudication on the merits for all the reasons noted above.

Finally, it appears that counsel has failed to undertake a studious review of the significant amount of information and employ agreements between counsel and/or redactions to minimize the disclosure of information and thus avoid any potential for the identified risks from coming to fruition. This is particularly puzzling given the very modest number of concise statements and counter-statements of fact that actually are placed in dispute by the pending motion. The motion raises essentially what are legal challenges to certain defenses. Compounding the puzzle is the fact that much of the materials do not directly address specific disputes as to the facts underlying those legal challenges, but instead appear to be geared toward some other unidentified strategy. One can only assume that since much of the basic matters of fact are not in dispute, voluminous submissions addressing comprehensive areas of business information need not be submitted to establish what those concise statements of fact are (or at least should be): a simple, historical fact that is reflected in a document or a direct, essentially verbatim account of a statement by a deponent.

Moreover, it is counsel's responsibility in the first instance to redact and otherwise narrow the mass quantity of information to be submitted down to the minimum but adequate content needed to support the simple statement of fact or reflect the direct point in the testimony being advanced to show a statement or counter statement is established or disputed. Voluminous

5

submissions to this end are at the very least unnecessary. And seeking to use the seal at this stage of the proceedings instead of undertaking such a review and reaching agreements and/or stipulations as to undisputed matters is not a measure that will be countenanced.

Defendants have failed to meet the heavy burden of showing that the material to be placed under seal for an adjudication on the merits is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury. Consequently, their renewed motion to seal properly has been denied.

s/David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc:    Roy W. Arnold, Esquire  
       Mathew M. Wrenshall, Esquire  
       Joseph A. Katarincic, Esquire  
       Joseph M. Donley, Esquire  
       Vincent M. Roskovensky, Esquire

       (*Via CM/ECF Electronic Mail*)