IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**NBN BROADCASTING, INC.**,  )
  )
    Plaintiff,  )
  )
  v.  )    2:12cv346
  )    **Electronic Filing**
**SHERIDAN BROADCASTING**  )
**NETWORKS, INC.**, **RONALD**  )
**DAVENPORT, SR.**, **JERRY LOPES**  )
and **RONALD DAVENPORT, JR.**,  )
  )
    Defendants.  )

## **MEMORANDUM ORDER**

AND NOW, this 22ˢᵗ day of October, 2015, upon due consideration of plaintiff's motion *in limine* and the parties' submissions in conjunction therewith, IT IS ORDERED that [148] the motion be, and the same hereby is, granted in part and denied in part.

The motion is granted as follows: defendants are precluded from introducing evidence to establish that the "business judgment rule" bars NBN's claims that (a) Sheridan's owners, Davenport Sr. and Davenport Jr., developed an unsupportable methodology for expense reimbursements in order to direct substantial payments from AURN to their own company, increasing their profits at the expense of NBN and AURN, and (b) Sheridan attempted to engage in additional self-dealing by passing a resolution to have AURN hire several Sheridan stakeholders into salaried positions; (2) defendants' use of the 1997 the injunction issued by the Allegheny County Court as having preclusive effect in the instant litigation; and (3) defendants' assertion that plaintiff failed to join AURN as an indispensable party in this action. The motion is denied to the extent it seeks to preclude defendants from introducing evidence pertaining to the nature and insight of any decision or the exercise of judgment that defendants made on any particular occasion that is placed at issue by plaintiff's claims and/or defendants' counterclaim;

Defendants also are precluded from introducing the existence of past litigation between the parties. As was previously alluded to, this case and the prior 1997 litigation in Court of Common Pleas of Allegheny County (and other prior litigation) virtually have no similarity between the matters previously resolved and the issues now at stake and to be resolved. Thus, the evidence fails to clear the initial hurdle erected by Rule 402. But even beyond this fundamental shortcoming, the proffer for introducing the 1997 injunctive order reflects little more than a thinly-veiled attempt to introduce character evidence barred by 404(a), and any attempt to overcome that prohibition fails woefully under United States v. Sampson, 980 F.2d 883 (3d Cir. 1992), and its progeny. Id. at 887 (the party seeking to introduce evidence of a prior wrongful act must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the party previously engaged in the prior act it is more likely that he acted in conformity therewith and committed the alleged wrongful act at issue); accord United States v. Caldwell, 760 F.3d 267, 276 (3d Cir. 2014) ("Our opinions have repeatedly and consistently emphasized that the burden of identifying a proper purpose rests with the proponent of the evidence [and while] [t]his hurdle is not insurmountable, [] it must be satisfied before [an] exception [under Rule 404(b)] can be invoked.") (citing United States v. Davis, 726 F.3d 434, 442 (3d Cir. 2013) and Sampson, 980 F.2d at 887).

Moreover, the jury will have more than ample evidence to understand the mechanics and composition of AURN's management committee. It will also have a sufficiently informed understanding of its operations in conjunction with each of the transactions at issue. Thus, any probative value from introducing evidence of the 1997 lawsuit and/or the injunction therefrom mandating how the management committee is to operate substantially is outweighed by the potential of such evidence to (1) create undue prejudice and (2) mislead the jury.

The motion is denied to the extent plaintiff attempts to preclude defendants' expert from testifying that AURN properly can be viewed and treated as an "indirect subsidiary." While plaintiff will be able to advance a plethora of information to establish that (1) AURN properly is viewed as a (1) partnership, (2) its own separate legal entity, not a member of the Sheridan Broadcasting family of companies, (4) the partner of plaintiff, and (5) not properly placed into the same categorize as all other Sheridan entities, the challenge goes to the weight, not the reliability and admissibility of the evidence.

Jurors are to be given sufficient leeway to separate even what amounts to "junk science" from the real thing, provided there is a sound basis to conclude that vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof will provide an appropriate means for evaluation of such evidence. Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 596 (1993). Furthermore, while the standard for "fitness" is higher than bare relevance, it is not that high. In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 745 (3rd Cir. 1994) (Paoli III). In other words, it is appropriate to submit such matters to the jury even where there is fair grounds to question an expert's conclusions if the traditional forms of attacking such evidence provide an adequate safeguard in the adjudicatory process. Cf. Paoli III, at 744-45 ("A judge frequently should find an expert's methodology helpful, and the fit requirement satisfied, even when the judge thinks that the expert's technique has flaws sufficient to render the conclusions inaccurate.").

Here, the parties are prepared to present competing experts to testify about the disputed implementation of the accounting allocation formula. Consequently, this component of plaintiff's motion must be denied. Compare Kannankeril v. Terminix International Inc., 128 F.3d 802, 809 (3d Cir. 1997) ("The issue whether an ambient air test should be given more weight than pesticide application records goes to the weight rather than the admissibility of evidence.

See United States v. Velasquez, 64 F.3d 844, 848 (3d Cir. 1995) (citing United States v. Jakobetz, 955 F.2d 786, 800 (2d Cir. 1992)). The trial judge must be careful not to mistake credibility questions for admissibility questions.").

The motion is denied as to the lenders to and/or investors in NBN. At the very minimum, this evidence is relevant to the credibility assessments the jury will be required to make in evaluating the testimony of Chesley Maddox-Dorsey and Arthur Benjamin; and

The motion is denied in all other aspects.

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:    Roy W. Arnold, Esquire
       Mathew M. Wrenshall, Esquire
       Joseph A. Katarincic, Esquire
       Joseph M. Donley, Esquire
       Vincent M. Roskovensky, Esquire

       (*Via CM/ECF Electronic Mail*)