IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NBN BROADCASTING, INC.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12cv346 |
| | ) | **Electronic Filing** |
| **SHERIDAN BROADCASTING** | ) | |
| **NETWORKS, INC.**, **RONALD** | ) | |
| **DAVENPORT, SR.**, **JERRY LOPES** | ) | |
| and **RONALD DAVENPORT, JR.**, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

AND NOW, this 23rd day of October, 2015, upon due consideration of defendants' motion to exclude plaintiff's expert report and testimony and the parties' submissions in conjunction therewith, IT IS ORDERED that [145] the motion be, and the same hereby is, denied.

The arguments advanced fail to account for the factual record developed at trial and the assumptions plaintiff's damages expert is entitled to make about that record. It is readily apparent that plaintiff has advanced the type of data and testimony that an accountant would rely opon in formulating an opinion. Consequently, there is a sufficient factual foundation for the expert's testimony about what damages flow from the resulting documents and testimony if they are presumed to establish liability under alternative scenarios. See Elcock v. Kmart, 233 F.3d 734, 754-55 (3d Cir. 2000) (an expert can make assumptions in formulating an opinion on damages where those assumptions are "accompanied by a sufficient factual foundation.") (quoting Gumbs v. International Harvester, Inc., 718 F.2d 88, 98 (3d Cir. 1983)).

Moreover, the remaining deficiencies in the report that defendants identify as barring admissibility go to the weight of the proffered report and contemplated testimony, not the

reliability and admissibility of the evidence. And as noted in the ruling on plaintiff's motion *in limine*, the traditional measures for attacking such deficiencies provide an adequate level of protection in such circumstances. In other words, it is appropriate to submit such matters to the jury even where there is fair grounds to question an expert's methods and conclusions if the traditional forms of attacking such evidence provide an adequate safeguard in the adjudicatory process. Cf. Paoli III, at 744-45 ("A judge frequently should find an expert's methodology helpful, and the fit requirement satisfied, even when the judge thinks that the expert's technique has flaws sufficient to render the conclusions inaccurate."). Accordingly, defendants' motion has been denied.

                                            s/David Stewart Cercone
                                            David Stewart Cercone
                                            United States District Judge

cc:    Roy W. Arnold, Esquire
       Mathew M. Wrenshall, Esquire
       Joseph A. Katarincic, Esquire
       Joseph M. Donley, Esquire
       Vincent M. Roskovensky, Esquire

       (*Via CM/ECF Electronic Mail*)